UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| AGNIESZKA CHOMICZ<br><br>      Plaintiff,<br><br> -against-<br><br>BDO USA, P.C.<br><br>      Defendant. | 24-CV-9859 (VSB) (RFT)<br><br>**ORDER** |

**ROBYN F. TARNOFSKY, United States Magistrate Judge:**

Plaintiff in this employment discrimination case seeks production of 20 documents (or portions thereof) withheld by Defendant on the basis of the attorney-client privilege and, in some instances, both the attorney-client privilege and the work product doctrine. I required Defendant to provide me with the documents for *in camera* review, along with the privilege log. Plaintiff's application for production of documents is **GRANTED IN PART** and **DENIED IN PART** as set forth below.

## Legal Standards

"The attorney-client privilege is the oldest of the privileges for confidential communications known to the common law." *Upjohn Co. v. U.S.,* 449 U.S. 383, 389 (1981). Under federal law, the attorney-client privilege applies only if all the following are met:

> (1) the asserted holder of the privilege is or sought to become a client; (2) the person to whom the communication was made (a) is a member of the bar of a court, or his subordinate and (b) in connection with this communication is acting as a lawyer; (3) the communication relates to a fact of which the attorney was informed (a) by his client (b) without the presence of strangers (c) for the purpose of securing primarily either (i) an opinion on law or (ii) legal services or (iii) assistance in some legal proceeding, and not (d) for the purpose of committing a crime or tort; and (4) the privilege has been (a) claimed and (b) not waived by the client.

1

*Bank Brussels Lambert v. Credit Lyonnais (Suisse) S.A.*, 160 F.R.D. 437, 441 (S.D.N.Y. 1995). Under New York law, for a communication to be privileged, it must have been made "for the purpose of facilitating the rendition of legal advice or services, in the course of a professional relationship." *Spectrum Sys. Int'l Corp. v. Chem. Bank*, 78 N.Y.2d 371, 377-78 (1991). The communication must also "be primarily or predominantly of a legal character." *Id.* at 378. In evaluating whether the privilege applies, the "critical inquiry" is "whether, viewing the lawyer's communication in its full content and context, it was made in order to render legal advice or services to the client." *Id.* at 379.

The party invoking the privilege bears the burden of demonstrating that the privilege applies. *See In re Grand Jury Proc.*, 219 F.3d 175, 182 (2d Cir. 2000) ("*In re Grand Jury I*"); United States v. Adlman, 68 F.3d 1495, 1500 (2d Cir. 1995) ("*Adlman I*"); *Bowne of New York City, Inc. v. AmBase Corp.*, 150 F.R.D. 465, 470-71 (S.D.N.Y. 1993); *Spectrum,* 78 N.Y.2d at 377. To meet this burden, the party asserting the attorney-client privilege must show that the communications were "(1) between a client and his or her attorney (2) that are intended to be, and in fact were, kept confidential (3) for the purpose of obtaining or providing legal assistance." *Brennan Ctr. for Just. at N.Y. Univ. Sch. of L. v. U.S. Dep't of Just.*, 697 F.3d 184, 207 (2d Cir. 2012). This burden "is not discharged by mere conclusory or ipse dixit assertions." *In re Grand Jury Subpoenas dated Jan. 4, 1984*, 750 F.2d 223, 225 (2d Cir. 1984). "Any ambiguities as to whether the essential elements have been met are construed against the party asserting the privilege." *Koumoulis v. Indep. Fin. Mktg. Grp., Inc.*, 295 F.R.D. 28, 38 (E.D.N.Y. 2013), aff'd, 29 F. Supp. 3d 142 (E.D.N.Y. 2014).

2

As this Court has explained, "the privilege attaches not only to communications by the client to the attorney, but also to advice rendered by the attorney to the client, at least to the extent that such advice may reflect confidential information conveyed by the client." *In re Keurig Green Mt. Single-Serve Coffee Antitrust Litig.*, No. 14-MD-2542 (VSB) (SLC), 2020 WL 8465433, at *2 (S.D.N.Y. Oct. 30, 2020); *see also Leccese v. Sharestates, Inc.*, No. 24-CV-1060 (JHR) (SLC), 2025 WL 1380064, at *113 (S.D.N.Y. May 13, 2025). Transmission of a document between an attorney and a client does not make the document privileged. *See Dep't of Econ. Dev. v. Arthur Anderson & Co. (U.S.A.)*, 139 F.R.D. 295, 300 (S.D.N.Y. 1991). The document "must contain confidential communication relating to legal advice." *Id.; see Renner v. Chase Manhattan Bank*, No. 98-CV-0926 (CSH), 2001 WL 1356192, at *1 (S.D.N.Y. Nov. 2, 2001) (rejecting the argument that "any reference to any communication between [a client] and one of his attorneys on any document shields that entire document from disclosure, whether or not the document reveals communications made by [the client] to his attorneys in confidence and for the purpose of obtaining legal advice"). "[J]ust as facts cannot be invested with privilege merely by communicating them to an attorney, so [too] the confidentiality of the communication is not [necessarily] destroyed by disclosure of the underlying facts." *Solomon v. Sci. Am., Inc.*, 125 F.R.D. 34, 37 (S.D.N.Y. 1988).

"The attorney-client privilege was designed 'to encourage full and frank communication between attorneys and their clients and thereby promote broader public interests in the observance of law and [the] administration of justice.'" *TVT Recs. v. Island Def Jam Music Grp.*, 214 F.R.D. 143, 144 (S.D.N.Y. 2003) (quoting *Upjohn*, 449 U.S. at 389). "Because the privilege 'stands in derogation of the public's right to every [person]'s evidence . . . it ought to be strictly

3

confined within the narrowest possible limits consistent with the logic of its principle.'" *TVT Recs.*, 214 F.R.D. at 144 (quoting *In re Grand Jury I*, 219 F.3d at 182); *see also Brown*, 474 F. Supp. 3d at 648 ("The privilege is narrowly construed because it renders relevant information undiscoverable."); *Coventry Cap. US LLC v. EEA Life Settlements Inc.*, No. 17-CV-7417 (VM) (SLC), 2021 WL 4312026, at *3 (S.D.N.Y. Sept. 22, 2021).

Finally, "[t]he party invoking the privilege also has the burden to show that the privilege has not been waived" by voluntary disclosure. *Wultz v. Bank of China Ltd.*, 304 F.R.D. 384, 391 (S.D.N.Y. 2015).

**Analysis**

Document 1: This document redacts an email from internal to external counsel in anticipation of a mediation and is appropriately withheld. The attachments – communications among business people about Plaintiff – were appropriately produced.

Document 2, 17: These documents reflect notes made by internal counsel of conversations with employees seeking legal advice about complaints against Hurwitz. They are appropriately withheld.

Documents 3, 9: These documents are email exchanges between internal counsel, who sought a draft of entries for a log of human resources investigations, and a human resources regional director saying that the Northeast region had no matters except a matter relating to Hurwitz. The documents do not seek or contain legal advice. They should be produced.

Document 4, 10: These documents are templates for the log of human resources entries referencing the complaints against Hurwitz by Plaintiff and one other employee. The documents

4

do not seek or contain legal advice; the cells for "substance of the complaint" are blank. They should be produced.

Documents 5, 6, 7, 14, 15: These documents are email exchanges between a human resources regional director and internal counsel setting up a meeting during which internal counsel can provide legal advice about complaints against Hurwitz. They are appropriately withheld.

Document 8: This document is an email between a human resources regional director and internal counsel requesting a meeting during which internal counsel can provide legal advice about complaints against Hurwitz. It is appropriately withheld.

Documents 11, 12, 13: These documents are emails from a human resources regional director to internal legal counsel sending information for a call seeking legal advice about complaints against Hurwitz; however, there are no attachments, and so the documents do not seek or contain legal advice. They should be produced.

Document 16: This document is a memo from internal counsel to Defendant's board of directors providing legal advice about terminating Hurwitz. It is appropriately withheld.

Document 18: This document is a document retention notice sent by internal counsel to employees. It is appropriately withheld.

Document 19: This document, an email exchange between human resources department employees, conveys factual information shared with them by internal counsel. The document should be produced in unredacted form.

Document 20: This document is an email from a human resources regional director to internal counsel listing employees who were to be terminated; the document also contains a

5

version of Documents 12 and 13. The document does not seek or contain legal advice. It should be produced.

### Conclusion

For the foregoing reasons, Plaintiff's application to compel production is **GRANTED IN PART,** in that Defendant shall produce (or produce in unredacted form) Documents 3, 4, 9, 10, 11, 12, 13, 19 and 20. The application to compel production is otherwise **DENIED IN PART**.

Dated: September 30, 2025
New York, NY

Respectfully Submitted,

_____
**ROBYN F. TANOFSKY**
**United States Magistrate Judge**