UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| AGNIESZKA CHOMICZ<br><br>     Plaintiff,<br><br> -against-<br><br>BDO USA, P.C.<br><br>     Defendant. | 24-CV-9859 (VSB) (RFT)<br><br>**<u>ORDER</u>** |

**ROBYN F. TARNOFSKY, United States Magistrate Judge:**

Pending before me is Defendant's motion for reconsideration of my order granting in part and denying in part an application by Plaintiff to require production of certain documents listed on Defendant's privilege log (ECF 51). (*See* ECF 52, Reconsideration Mot.) Specifically, Defendant asks me to reconsider my order to produce two identical email messages (Documents 3, 4) and two identical attachments (Documents 9, 10), on the ground that the documents are "predominantly of a legal character." (ECF 53, Def.'s Memo. in Support of Mot. at 3 (quoting *Molnlycke Health Care US, LLC v. Greenwood Mktg.*, 2024 WL 4602138, at *3-4 (S.D.N.Y. Oct. 29, 2024). Reconsideration is appropriate when, as relevant here, a party can "point to . . . data that the court overlooked – matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *Kumaran v. Nat'l Futures Ass'n*, 2023 WL 3160116, at *1 (S.D.N.Y. Apr. 28, 2023) (quoting *Shrader v. CSX Transp. Inc.*, 70 F.3d 255, 257 (2d Cir. 1995)). Defendant argues that the documents in question were prepared at the direction of internal counsel; describe legal advice provided by internal counsel in an earlier privileged conversation; and confirm that the documents were drafted in accordance with that legal advice. (*See* ECF 53, Def.'s Memo. in Support of Mot. at 2-3.) I disagree. That a document was

1

prepared at the direction of counsel does not shield it from production if the document is not otherwise privileged. *In re Rivastigmine Patent Lit.*, 237 F.R.D. 69, 80 (S.D.N.Y. 2006), *abrogated in part on other grounds, In re Queen's Univ. at Kingston*, 820 F.3d 1287 (Fed. Cir. 2016) ("[A] document will not become privileged simply because an attorney recommended its preparation if it contains merely business-related or technical communications between corporate employees; in analyzing communications created at the direction of in-house counsel, courts must be wary that the involvement of the attorney is not being used simply to shield corporate communications from disclosure."). To the extent that the documents in question were prepared in conformity with advice from counsel that is described in the documents, the advice at issue was not legal: internal counsel provided basic administrative directions about how to fill out a tracking form. Accordingly, the motion for reconsideration is **DENIED**.

Dated: October 14, 2025
      New York, NY

Respectfully Submitted,

_____
**ROBYN F. TANOFSKY**
**United States Magistrate Judge**