**UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| AGNIESZKA CHOMICZ,<br><br>Plaintiff,<br><br>- against –<br><br>BDO USA, P.C.<br><br>Defendant. | CASE NO. 1:24-cv-09859-VSB-RFT |

**AMENDED LOCAL CIVIL RULE 56.1 STATEMENT OF UNDISPUTED MATERIAL FACTS**

Pursuant to Rule 56 of the Federal Rules of Civil Procedure and Rule 56.1 of the Local Rules of the United States District Court for the Southern District of New York, Defendant BDO USA, PC ("BDO"), in connection with its Motion for Summary Judgment, sets forth the following amended statement of material facts correcting inadvertent errors in Paragraphs 2 and 23 and as to which no genuine issue exists.

**Plaintiff Agnieszka Chomicz's Employment with BDO**

1. BDO hired Agnieszka Chomicz ("Chomicz") as a Managing Director in the Real Estate Tax Practice in December 2019. Complaint ¶ 22; Answer ¶ 22.

2. Chomicz's November 2020 performance review covering mid-performance year 2021 (which ran from May 1, 2020 through April 30, 2021) stated in part as follows:

> Aga had a rough first year. She needs to work on running an engagement and responsiveness. She has made it very clear on wanting to be Partner to Mat and the team. Maureen - she works hard but needs to understand engagement economics. Eleni - had a very bad experience with her. If she had better engagement management it would have been fine but she dropped the ball on a new client and their client relationship. Aga doesn't really take the feedback she is given. She listens and is polite but they do not see her utilizing the feedback. Mat asked Karl to work with her on what is needed to improve and be clear with her on the feedback.

Am. Jacoby Decl. at Ex. A; Ex. B at 47:2-48:12, 50:5-11.[1]

3. Karl Seemer ("Seemer"), a partner in Chomicz's group and her Career Advisor, included feedback on Chomicz's work performance from other partners, including Maureen McGetrick ("McGetrick") and Eleni Lagos ("Lagos"), who each reported that Chomicz struggled with managing client engagements. Am. Jacoby Decl. Ex. A; Ex. B at 47:2-48:12, 50:5-11.

4. Another partner Amy Rosenthal ("Rosenthal") found Chomicz's technical skills insufficient and was unsatisfied with Chomicz, resulting in Chomicz being removed from further work with Rosenthal's client. Am. Jacoby Decl. Ex. B at 18:23-19:21, 79:22-80:24; Ex. C at 143:19-144:20, 145:19-146:2.

5. Another partner in California who worked with Chomicz criticized her technical skills, reporting that she could not meet the necessary technical requirements. Am. Jacoby Decl. Ex. D at 29:3-19, 31:3-11, 79:8-80:4; Ex. E.

6. Chomicz missed a $10 million adjustment that should have been made on a tax engagement, which was ultimately caught by another partner. Am. Jacoby Decl. Ex. D at 45:2-14, 54:4-55:10; Ex. E.

7. In December 2020, Michael Hurwitz joined BDO as a partner in its Real Estate Tax Practice. Am. Jacoby Decl. Ex. F at 48:22-49:3. Hurwitz arrived during the COVID-19 pandemic so he was only able to interact with his colleagues through video conferences, emails, and Microsoft Teams messages. Am. Jacoby Decl. Ex. C at 53:5-20.

---

[1] Citations to "Am. Jacoby Decl." are to the Amended Declaration of Nicolle Jacoby, dated May 5, 2026, attaching the exhibits referenced herein.

8. Hurwitz closely managed employees working on his engagements; male employees described Hurwitz's "style" as micromanaging with consistent follow up messages. Am. Jacoby Decl. Ex. G at 29:23-30:5; Ex. H at 53:16-54:7; Ex. I ¶¶ 6-10; Ex. J ¶¶ 8-13.

9. Hurwitz messaged and/or called employees at night and on weekends, asking how they were doing and advising that he is "here for you." Am. Jacoby Decl. Ex. F at 111:10-13, 124:17-127:12; Ex. G at 39:19-40:23; Ex. I ¶¶ 9-10; Ex. H at 58:24-59:10.

10. On December 16, 2020, his first day with BDO, Hurwitz sent an email to Chomicz, copying their boss (Seemer) and another BDO partner, saying that he is available "25 / 8 / 366 for you" and asking if she "want[s] to have any introductory call and whatever tonight???" Am. Jacoby Decl. Ex. K.

11. Chomicz bases her claim of harassment on that and six other emails, despite admitting that none referenced sex or contained sexual insults. Am. Jacoby Decl. Ex. C at 29:10-18, 32:8-15, 41:21-25, 42:2-6, 43:2-19, 46:18-48:22, 49:9-17, 52:24-54:19, 68:6-12. The other emails on which Chomicz relies are as follows:

A. **January 5, 2021**: Hurwitz sent an email to Chomicz with the subject line, "Let's chat – want to ensure you are comfortable with all aspects of this Union Assignment." He then said in the body of the email to Chomicz that "I am your personal lifeguard – here to teach train, assist and work with you 😊. Looks like a fairly straightforward engagement; that said, we'll make some minor improvements together. . ." Am. Jacoby Decl. Ex. L.

B. **January 7, 2021**: Hurwitz sent an email to Chomicz with the subject line, "Let's connect in linked in." Hurwitz then says in the email to Chomicz: "See what my clients, colleagues, and students say about me!! Down below the

recommendations. . . . We will work well together – I have your back." Am. Jacoby Decl. Ex. M.

C. **January 9, 2021**: Hurwitz sent an email just after midnight to Seemer and Chomicz, telling Seemer of a need to discuss a new reporting requirement and telling Chomicz that "I need a picture of you . . . let's chat, we discuss [sic] you assisting me in moderating this 10/15 minute special session . . . ." Am. Jacoby Decl. Ex. N.

D. **January 9, 2021**: Hurwitz replied to Seemer and Chomicz, advising Seemer that the is "done for the day" and stating that "I party hard / worker [sic] harder…taking this afternoon off…" *Id*.

E. **January 12, 2021**: Hurwitz sent a Microsoft Teams message to Chomicz at 11:42 p.m. saying, "Just checking in with you - - all good on Union? All good with everything else - - here for you!!" Am. Jacoby Decl. Ex. O.

F. **February 24, 2021**: Hurwitz sent a Microsoft Teams message to Chomicz at 8:50 p.m. asking Chomicz, "R u o k Aga?!!" Am. Jacoby Decl. Ex. P.

12. Chomicz understood that the January 9, 2021 email was asking her to assist with a presentation and that it is "very common" in the accounting industry for presenters or moderators to use their pictures in the presentation. Am. Jacoby Decl. Ex. C at 38:15-23, 39:20-24.

13. So, on March 5, 2021, Chomicz contends that she told Hurwitz in a phone conversation that going forward she was only going to respond to his messages that she deemed to be sufficiently work-related. *Id*. at 62:7-63:3.

14. Hurwitz self-reported to BDO's Human Resources team that Chomicz told him that she was not responding to his messages because she believed them to be inappropriate, and

Hurwitz wanted Human Resources to look into why Chomicz felt that way. Am. Jacoby Decl. Ex. Q at 135:20-136:18.

15. The next business day, Human Resources contacted Chomicz. Am. Jacoby Decl. Ex. C at 64:13-22, 65:6-12. Chomicz told Larisa Shevelenko ("Shevelenko") from BDO's Human Resources team that she believed that Hurwitz's messages were inappropriate because they were "personal in nature," not work related, and "[t]hey were leaving a lot to [the] imagination." *Id*. at 66:8-10, 68:6-12; Ex. Q at 140:24-25, 141:8-13.

16. Chomicz did not provide copies of any messages she found objectionable to Human Resources. Am. Jacoby Decl. Ex. C at 72:20-73:2, 73:18-25.

17. Chomicz did not ask to be taken off engagements that would require her to work with Hurwitz. *Id*. at 79:12-25, 80:11-15.

18. Following the March 6, 2021 conversation with Shevelenko, there were no subsequent messages from Hurwitz that Chomicz found objectionable. *Id*. at 73:18-74:5.

19. While Chomicz asserts that Hurwitz's work-related messages after March 5, 2021 increased in frequency after she complained to Human Resources, she admits that the weeks leading up to the April 15 deadline for taxes are busiest at BDO. *Id*. at 89:3-16. During this time, Hurwitz emailed Chomicz and asked her to call him. Am. Jacoby Decl. Ex. R.

20. During this period leading up to the April 15 deadline for taxes, Chomicz does not know whether Hurwitz was emailing her peers with more or less than the frequency with which he was emailing her. Am. Jacoby Decl. Ex. C at 89:3-16. As a result of Chomicz declining to communicate, Hurwitz began to work directly with Chomicz's subordinates to complete the necessary work. Am. Jacoby Decl. Ex. R.

21. Chomicz was also insufficiently responsive to inquiries from clients and staff, requiring Hurwitz to respond to inquiries directed to her, creating the impression that she was "checked out" and uninterested during group calls. Am. Jacoby Decl. Ex. F at 102:17-25-103:5, 117:9-21.

22. In April 2021, Seemer solicited feedback from the partners in the group concerning Chomicz's work performance. Am. Jacoby Decl. Ex. S.

23. That feedback was summarized in Chomicz's end-of-year review for performance year 2021 received in May 2021 as follows:

> Had a tough first year, was moved off some engagements. No improvement. Doesn't add much to Acadia. Technical knowledge is a weakness. Has developed a good rapport with the client for Maureen, but has no BD and not looking for opportunities [sic], expects to make Partner but is not anywhere close. There is a big disconnect with her self rating of Fantastic. Rich got an email from a partner in CA questioning her technical abilities. Natalia - partner - caught a $10M mistake she made. [REDACTED] - Eleni had to swap her out - had the lowest realization on any account in her career, and it was not complicated at all. She couldn't do project management and has poor technical skills. Is not receptive to feedback.

Am. Jacoby Decl. Ex. E; Ex. B at 18:23-19:3, 29:3-10.

24. As a result, Chomicz received an "At Risk" rating in this review—the lowest possible rating—meaning that she was at risk for termination. Am. Jacoby Decl. Ex. E

25. Chomicz has no evidence that BDO's (including those from Lagos, McGetrick, and Rosenthal's) performance criticisms were anything but genuine or that BDO management fabricated her performance reviews for the purpose of retaliating or discriminating against her. Am. Jacoby Decl. Ex. C at 151:1-14, 152:9-153:11, 158:3-24.

26. Chomicz has no evidence that Hurwitz's work-related messages after March 5, 2021 were retaliatory. Am. Jacoby Decl. Ex. C at 89:17-91:7.

27. On May 13, 2021, one of Chomicz's direct reports separately complained to Seemer concerning Chomicz's unreasonable directions and lack of knowledge of the workpapers she was supposed to be overseeing. Am. Jacoby Decl. Ex. T.

28. Given Chomicz's At-Risk rating and the lack of support from her own subordinates, Mat DeMong ("DeMong," the Managing Tax Partner responsible for BDO's New York office where Chomicz worked) decided to terminate Chomicz's employment, effective June 2, 2021. Am. Jacoby Decl. Ex. D at 12:6-8; Ex. B at 189:11-190:12.

29. DeMong had no knowledge of any sexual harassment complaint by Chomicz at the time he decided to terminate her employment. Am. Jacoby Decl. Ex. D at 67:20-68:9.

30. Hurwitz had no role in BDO's decision to terminate Chomicz. Am. Jacoby Decl. Ex. F at 79:12-14, 132:23-133:9.

Dated: May 5, 2026

Respectfully submitted,

**DECHERT LLP**

By: *_/s/ Nicolle L. Jacoby_*
Nicolle L. Jacoby
1095 Avenue of the Americas
New York, New York 10036-6797
(212) 698-3820
Nicolle.jacoby@dechert.com

*Counsel for Defendant BDO USA, P.C.*